■ In the Matter of JAMES DAVIS, Respondent, v. BAMBOO 234 RESTAURANT, INC., Appellant.— In a proceeding to remove a personal injury action from the Civil Court of the City of New York to the Supreme Court and for leave to amend the complaint in said action, the appeal is from an order of the Supreme Court, Kings County, dated October 6, 1970, which granted the application, except that appellant has excluded from the appeal so much of the order as directed that the *ad damnum* shall not be increased. Order reversed insofar as appealed from, with $10 costs and disbursements, and application denied, without prejudice to an application in the Civil Court of the City of New York, Kings County, to amend the complaint. Plaintiff instituted the suit in the Civil Court, Kings County, in December, 1966. The oral complaint alleges his cause of action in the following language: "Action in the sum of $10,000, for damages for personal injuries sustained on the 30th day of October, 1966, while lawfully upon defendant's premises located at 1011 Bedford Avenue, Brooklyn, New York, as a business invitee of the defendant. Defendant was negligent in the ownership, operation, maintenance and control of said premises. Plaintiff was free from contributory negligence." The order appealed from granted plaintiff's motion to remove his cause from the Civil Court to the Supreme Court and permitted an amendment to his complaint to set forth an additional cause of action under section 11–101 of the General Obligations Law, which permits a recovery of punitive damages in addition to compensatory damages. The Special Term denied that portion of the motion which sought to increase the *ad damnum* clause relating to his personal injury cause of action to the sum of $50,000. Implicit in the denial of an increase in the *ad damnum* clause is a finding by Special Term that plaintiff could be adequately compensated for his actual damages by an amount within the jurisdictional limits of the Civil Court. Under the circumstances, in our opinion, it was an abuse of discretion to permit the transfer of plaintiff's cause from the Civil Court to the Supreme Court merely to permit him to allege a new cause of action under section 11–101 of the General Obligations Law, particularly in view of the fact that the motion was not made until more than 3½ years after joinder of issue in the action. Plaintiff may, of course, move in the Civil Court to amend his complaint to include a cause of action under the General Obligations Law. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.